IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAMONY ENTERTAINMENT, LLC,   )  <br> )  <br> Plaintiff,   )  <br> )  <br> v.   )  <br> )  <br> FAHEEM RASHEED NAJM, p/k/a T-PAIN,   )  <br> an Individual,   )  <br> )  <br> NAPPY BOY PUBLISHING, INC.,   )  <br> a Florida Corporation,   )  <br> )  <br> UNIVERSAL MUSIC-Z TUNES, LLC,   )  <br> a California Limited Liability Company,   )  <br> )  <br> and DOES 1 through 5   )  <br> )  <br> Defendants.   ) | Cause No.:  <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Saramony Entertainment, LLC submits to the Court its Complaint, and for its causes of action against Defendants Faheem Rasheed Najm, Nappy Boy Publishing, Inc., and Universal Music-Z Tunes, LLC (collectively referred to as "Defendants"), states as follows:

### Introduction

The exploitation of musicians is a story as old as the music and recording industry itself. The creative process in producing a duet is often times an effort borne equally from two artists/writers. Harmonically and interdependently, the energies of such artists form a single expression that neither can support by themselves. Unfortunately, too often in today's popular music culture, the fame and notoriety of some performers may eclipse the considerable contributions and integrity of developing artists/writers, often at the expense of the legal and moral rights of lesser known co-authors. This is such a case involving Ms. Sara Stokes

1

(hereinafter "Stokes"), who co-authored songs with Defendant, Faheem Rasheem Najm, more famously known as hip-hop artist "T-Pain," (hereinafter "Najm") as part of the development of her own music career. Together, they produced two songs, including a duet titled "What's Wrong (Go Away)" (hereinafter, the "Song"). The male/female vocal combination in this particular Song traces the lyrical back-and-forth collaboration between Stokes and Najm; both Stokes and Najm each contributed full lines of original lyrics in tandem to complete the Song as a duet.

With the lyrics that Stokes and Najm co-authored, performed by recording artist Jennifer Hudson on her latest album, titled *Jennifer Hudson*, which was released in September of 2008, Jennifer Hudson's album has exceeded Gold status according to the Recording Industry Association of America. In 2009, Hudson's album won a Grammy Award for "Best R&B Album." While Najm and Defendants have received great acclaim and financial success from the Song, Stokes has received no songwriter, producer or performer credit, nor has Plaintiff Saramony Entertainment, LLC received any compensation.

Accordingly, Stokes, by and through Plaintiff Saramony Entertainment, LLC now brings this action for a declaration of copyright ownership and other relief.

**Parties**

1.  Plaintiff Saramony Entertainment, LLC is a limited liability company registered in the State of Missouri. Pursuant to a certain transfer agreement between Stokes and Plaintiff, Saramony Entertainment, LLC owns the publishing rights derived from ownership of the copyright in the musical composition of the Song. Stokes is the sole member of Saramony Entertainment, LLC.

2. Defendant Najm, at all relevant times hereto, was and is an individual and resident of Atlanta, Georgia professionally known as T-Pain. Najm is a very well-known musician in the hip-hop and rhythm and blues (R&B) music markets. He has had over ten top ten singles on Billboard's Hot 100. In 2008, Najm won a Grammy Award for a song he created along with rapper Kanye West. Najm is identified in the liner notes of the album *Jennifer Hudson*, in which the Song appears, as the writer/producer of the Song. Broadcast Music Incorporated, otherwise known as "BMI," credits only Najm with writing the Song's musical composition.

3. Defendant Nappy Boy Publishing, Inc. (hereinafter "NBP") is a Florida corporation having its principal place of business at 2701 W. Oakland Park Blvd., Suite 210, Ft. Lauderdale, Florida 33311. Upon information and belief, Defendant NBP is a business entity or d/b/a associated or affiliated with NappyPub Music and/or one or more of the Defendants, which operates a music production, distribution and marketing business. NappyPub Music is listed as one of the publishing administrators of the Song on the website maintained for such information by BMI. NBP claims ownership of the publishing rights derived from ownership of the copyright in the musical composition of the Song.

4. Defendant Universal Music Z-Tunes, LLC is a California limited liability company having its principal place of business at 8750 Wilshire Blvd., Beverly Hills, California 90211. Upon information and belief, Universal Music Z-Tunes, LLC either claims a copyright interest in the Song, or has exercised rights of a copyright owner of the Song, or is a necessary part for the Accounting relief requested herein.

**Jurisdiction and Venue**

5. This action arises under the copyright laws of the United States, 17 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction to issue declaratory judgments under 28 U.S.C. §§ 2201-02.

6. Venue is proper in this district under 28 U.S.C. §§ 1400(a) and 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

7. This Court has personal jurisdiction over each Defendant by virtue of their substantial contacts with the State of Missouri. Additionally, each Defendant has caused tortious injury in this judicial district by acts both within and outside this district, and regularly solicits business in this district or derives substantial revenue from sales of goods in this district or otherwise has engaged in a persistent course of conduct in this district.

**Factual Allegations**

8. On or about February 7, 2007, Stokes' record label at the time, Quan Entertainment, L.L.C., entered into an agreement (hereinafter "Agreement") with Defendant Najm's production company, Defendant NBP, for the purposes of providing Stokes with two songs, with "song" being defined as "production, a hook, a song or any combination of these items," to be recorded at Najm's studio, which is located in the basement of his house in Atlanta, Georgia.

9. Though the Agreement states that "T-Pain [Najm] will not feature on any song unless both parties agree in writing under separate terms," Najm waived this provision by writing

and collaborating with Stokes in her musical composition that came to be known as the Song. Najm even performed with Plaintiff on the recording of her musical composition.

10. On or about February 16, 2007, in accordance with the Agreement, Stokes arrived at Najm's studio to work on songs with Najm.

11. On or about February 17, 2007, in accordance with the Agreement, Stokes arrived at Najm's studio to work on songs with Najm.

12. On or about February 17, 2007, Stokes and Najm collaborated and composed the music and lyrics of a musical composition that would eventually become known as "What's Wrong (Go Away) featuring T-Pain" (the Song). Specifically, Stokes and Najm started with developing the hook, each contributing one line of lyrics after the other. In this fashion, Stokes wrote the last line of the hook, "We've gone through so much pain." Similarly, Stokes and Najm wrote the first verse of the song; Najm wrote the first four lines and Stokes wrote the last four lines ("And I don't like the way you been hangin around / With your face on the ground / What's the deal? / You need to make it go away, make it go away."). Moving onto the bridge, Najm wrote the lyrics for the male vocals while Stokes wrote the lyrics for the female vocals ("Let's stop playing these games / If we gonna make this work, we gotta act our age. / …I know I act like I don't care / But I'm just trynna play it cool.").

13. The Song, that is, the version using Stokes' voice, first aired on or about August 27, 2007 on WHHL-F.M. 104.1, a Radio One incorporated station, in St. Louis, Missouri between 8:00 p.m. and 12:00 a.m. central standard time.

14. Upon information and belief, Najm thereafter made deals with certain third parties such that the Song would be released using Jennifer Hudson's voice in place of Stokes, without

5

consulting Plaintiff, without providing Plaintiff remuneration, and without attributing any joint-authorship credit to Stokes.

15.     On or around February 26, 2008, Stokes formed Saramony Entertainment, LLC as the sole member.  At or around that time, Stokes and Plaintiff executed a certain transfer agreement, whereby Stokes conveyed to Plaintiff her entire worldwide right, title, and interest to the Song.

16.     On or around September 27, 2008, Najm and one or more third parties released the Song as part of the album *Jennifer Hudson*.

17.     In the version of the Song appearing on the album *Jennifer Hudson*, Stokes' vocal tracks were replaced by Jennifer Hudson's vocal tracks.  Only slight deviations in the lyrics exist between Stokes' version and the released version, whereas the whole musical composition is the exact same on which Stokes collaborated with Najm.

18.     Upon information and belief, national sales of the album *Jennifer Hudson* have exceeded 700,000 units and been ranked as high as number two in album sales while total album sales worldwide exceed 1,000,000 units.

19.     The liner notes for the album credit Najm as the sole author of the Song and do not mention Stokes anywhere.

20.     The album *Jennifer Hudson* has won a plethora of awards, including a Grammy Award for "Best R&B Album" from The Recording Academy as part of four total album nominations.

21.     Currently, there exists a deluxe addition of the album and, upon information and belief, there is a reissue of the album in the planning stages.

## COUNT I: DECLARATORY JUDGMENT

22. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21 above as if fully set forth and restated herein.

23. Stokes' musical contributions to the Song are "original works of authorship fixed in a tangible medium of expression" under 17 U.S.C. § 102(a)(2), and are thus independently copyrightable.

24. The Song is a "joint work" under the Copyright Act, 17 U.S.C. § 101, *et seq.*, because it is a work prepared by Stokes and Najm with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.

25. At all relevant times, Najm and Stokes intended to be joint-authors on the Song.

26. At all relevant times, Stokes believed that Najm would honor their common understanding and intent and treat Stokes as a co-author of the Song's musical composition and a co-owner of the copyrights in the Song's musical composition.

27. None of the Defendants have acknowledged Stokes as a co-creator of the Song and have never paid her any compensation for her contributions to the Song.

28. Defendants deny that Plaintiff owns any copyright interest in the Song.

29. Accordingly, an actual and justiciable case or controversy exists between Plaintiff and Defendants regarding ownership of the copyright to the musical composition of the Song and Plaintiff's entitlement to an accounting of the profits earned from exploitation of the Song.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and seeks an order from the Court finding and declaring:

(a) That Plaintiff is a co-owner of the copyright to the musical composition in the song "What's Wrong (Go Away) featuring T-Pain;"

(b) That Defendants are required to account to Plaintiff for all income and profits earned from their exploitation of the song "What's Wrong (Go Away) featuring T-Pain," including all derivative works based on it;

(c) Attorney's fees and costs pursuant to, *inter alia*, 17 U.S.C. § 505; and

(d) That Plaintiff is entitled to such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully submitted,

KAYIRA, LLP

Dated June 4, 2010     By:  /s/ Eric F. Kayira
                           Eric F. Kayira, E.D.Mo. Bar No.105068
                           Brent A. Sumner, E.D.Mo. Bar No.5215348
                           1001 Craig Road, Suite 305
                           St. Louis, Missouri 63146
                           (314) 872-2141
                           (314) 872-2140 facsimile
                           Eric.kayira@kayiralaw.com
                           Brent.sumner@kayiralaw.com

                           *Attorneys for Plaintiff*